UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81046-CIV-DAMIAN/Matthewman

**TMCT, PLLC**,

    Plaintiff,

v.

**PAUL ANDREW WRIGHT**, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 56]

**THIS CAUSE** came before the Court on Magistrate Judge William Matthewman's Report and Recommendation, entered on June 13, 2025 [ECF No. 56 (the "Report")], on Defendants, Paul Andrew Wright, Eterna Private Clients Europe DAC, and Wright Private Office DAC's (collectively, "Defendants"), Motion to Dismiss Plaintiff's Complaint, filed on December 11, 2024 [ECF No. 11 ("Motion")].

THE COURT has reviewed the Report, the Motion, the Response thereto [ECF No. 12], the Reply [ECF No. 14], and the pertinent portions of the record and is otherwise fully advised.

After carefully considering the Motion and its associated briefing, Judge Matthewman issued the Report, recommending that the Motion to Dismiss be granted in part and denied in part. The Report summarizes the relevant background and, therefore, the Court will not set out the background in detail here.

In short, Plaintiff, an attorney practicing in Florida and in the United Kingdom, initiated this lawsuit against the Defendants, who are British Isles-based persons and businesses that hired Plaintiff to provide certain legal services. Plaintiff alleges that the

Defendants fraudulently induced Plaintiff to provide services but never paid and that the Defendants abusively used corporate forms to frustrate Plaintiff's efforts to collect unpaid balances. *See generally* ECF No. 1. The Defendants argue in the Motion that the Complaint should be dismissed because this Court lacks personal jurisdiction over the Defendants, *forum non conveniens* compels dismissal, and the Complaint fails to state a claim. *See generally* Mot.

Judge Matthewman found that the Defendants are subject to the personal jurisdiction of this Court under Florida Statutes, Sections 48.193(1)(a)(1) and (1)(a)(2), because the action arises out of Defendants' business ventures in Florida and the commission of torts directed into Florida. Report at 11-15. The Report concludes that *forum non conveniens* does not justify dismissal because there was no showing that any alternative forum is available or adequate and public and private factors weighed against dismissal. *Id.* at 16. In evaluating if the Complaint satisfies Federal Rules 8(a) and 9(b) and states a claim, Judge Matthewman concluded that the fraud count has been adequately pleaded but that the counts for alter ego and successor liability should be dismissed because alter ego and successor liability are not recognized as standalone causes of action outside of the proceedings supplementary context under Florida law. *Id.* at 18-21. Finally, Judge Matthewman recommends that Plaintiff be permitted to re-plead the successor liability allegations in the body of the Complaint or to amend the Complaint by interlineation. *Id.* at 21. Neither party filed objections to the Report, and the time for doing so has expired. *See generally* Docket.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely

objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the Motion, Response and Reply thereto, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the thorough analysis and well-reasoned recommendations stated in Judge Matthewman's Report and agrees with Judge Matthewman's conclusions. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 56]** is **AFFIRMED AND ADOPTED** as follows:

1. The Motion is **GRANTED IN PART AND DENIED IN PART**. **Counts II** and **III** of Plaintiff's Complaint [ECF No. 1] are **DISMISSED**.
2. Plaintiff is granted leave to file an amended complaint shifting the alter ego/successor liability allegations from standalone counts to the body of the complaint, in accordance with the Report, by **July 18, 2025**. Should Plaintiff file an amended complaint, Plaintiff shall mail and e-mail the amended complaint to Defendants at their last known addresses/email addresses and file a Notice of Compliance certifying the same. It is further

**ORDERED** that Plaintiff's Motion for a Limited Extension of the Scheduling Order Deadline to Amend Its Complaint **[ECF No. 62]** is **DENIED AS MOOT**.

The Clerk of Court is directed to mail a copy of this Order to Defendants.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 3rd day of July, 2025.

MELISSA DAMIAN
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge William Matthewman

    Paul Andrew Wright
    10 Leinster Wood South
    Carton House
    Maynooth, Kildare W23 N9T7
    Republic of Ireland
    *Defendant*

    Eterna Private Clients Europe DAC
    Wright Private Office DAC
    Pembroke Hall
    Fitzwilliam Square West
    Dublin 2, Dublin DO2 NX53
    Republic of Ireland
    *Defendants*

    Counsel of Record