## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-81046-CIV-DAMIAN/Matthewman

TMCT, PLLC,

  Plaintiff,

v.

PAUL ANDREW WRIGHT, *et al.*,

  Defendants.

_____/

### ORDER ADOPTING REPORT & RECOMMENDATION [ECF NO. 56]

**THIS CAUSE** came before the Court on Magistrate Judge William Matthewman's Report and Recommendation, entered on November 21, 2025 [ECF No. 82 (the "Report")], on Plaintiff TMCT PLLC's ("Plaintiff"), Motion for Default Final Judgment Against the Defendants, filed on September 22, 2025 [ECF No. 80 (the "Motion")].

THE COURT has reviewed the Report, the Motion and the Exhibits attached thereto, and the pertinent portions of the record and is otherwise fully advised.

After carefully considering the Motion and its associated briefing, Judge Matthewman issued the Report, recommending that the Motion be granted in part and denied in part. The Report summarizes the relevant background and, therefore, the Court will not set out the background in detail here.

In short, Plaintiff, an attorney practicing in Florida and in the United Kingdom, initiated this lawsuit against the Defendants, Paul Andrew Wright ("Wright"), Eterna Private Clients Europe DAC ("Eterna"), and Wright Private Office DAC ("WPO" and with Wright and Eterna, "Defendants"), who are British Isles-based persons and businesses that hired Plaintiff to provide certain legal services. Plaintiff alleges that the Defendants

fraudulently induced Plaintiff to provide services but never paid and that the Defendants abusively used corporate forms to frustrate Plaintiff's efforts to collect unpaid balances. *See generally* ECF No. 65 ("Amended Complaint"). After the Defendants failed to respond to the Amended Complaint, the Clerk entered a default against them. *See* ECF No. 77. Now, Plaintiff seeks entry of a default final judgment. *See generally* Mot.

Judge Matthewman determined that this Court has personal jurisdiction over the Defendants, subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(a)(1) and 1367(a), and that service of process was proper under Federal Rule of Civil Procedure 4(f)(1). Report at 6-8. As for Defendants' liability, Judge Matthewman concluded that the Amended Complaint contains sufficient factual allegations of fraud to withstand a motion to dismiss as to all three Defendants. *Id.* at 8-9. He also concluded that the Amended Complaint included sufficient allegations of alter ego and successor liability to establish that the entity defendants, Eterna and WPO, should be jointly and severally liable to Plaintiff for the alleged fraud. *Id.* at 10-12.

In her Motion, Plaintiff sought $971,563.00, consisting of compensatory damages of $221,305.00, costs of $2,083.00, punitive damages of $663,915.00, and attorney's fees of $84,260.00. *See id.* at 13. Per the Report, Plaintiff's Affidavit [ECF No. 80-1] provides documentary support in the form of unpaid invoices for the compensatory damages figure. *Id.* As for the over half-million dollar claim of punitive damages, Judge Matthewman thoroughly reviewed hundreds of pages worth of exhibits detailing Wright's long-standing fraudulent scheme to defraud his investors, his employees, and his contractors of tens of millions of dollars while evading recourse by manipulating corporate forms. *See id.* at 13-18. He concluded that the punitive damages figure requested by Plaintiff, which is treble the

compensatory damage figure, is warranted under Florida law. *Id.* at 15-18. Judge Matthewman also reviewed Plaintiff's bill of costs and concluded that the costs sought are compensable litigation expenses under 20 U.S.C. § 1920. *Id.* at 20-21. However, as to the $84,260.00 claim for attorney's fees, Judge Matthewman concluded that neither statute nor contract provided for a prevailing party fee award, and Plaintiff had not provided any legal basis for a fee award otherwise. *Id.* at 18-20.

Neither party filed objections to the Report, and the time for doing so has expired. *See generally* Docket.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the Motion and the Exhibits thereto, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the thorough analysis and well-reasoned recommendations stated in Judge Matthewman's Report and agrees with Judge Matthewman's conclusions. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 82]** is **AFFIRMED AND ADOPTED** as follows:

1. The Motion **[ECF No. 80]** is **GRANTED IN PART AND DENIED IN PART**.

2. A Default Final Judgment will be entered separately.

3. The Clerk of Court is directed to mail a copy of this Order to Defendants.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 15th day of December, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Magistrate Judge William Matthewman

Paul Andrew Wright
10 Leinster Wood South`
Carton House
Maynooth, Kildare W23 N9T7
Republic of Ireland
*Defendant*

Eterna Private Clients Europe DAC
Wright Private Office DAC
Pembroke Hall
Fitzwilliam Square West
Dublin 2, Dublin DO2 NX53
Republic of Ireland
*Defendants*

Counsel of Record